# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON D. BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>NORTH KERN STATE PRISON WARDEN,<br><br>    Respondent. | Case No. 1:20-cv-01043-EPG-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND SEND PETITIONER A PRISONER CIVIL RIGHTS COMPLAINT FORM |

Petitioner Kenyon D. Brown is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therein, Petitioner seeks "a federal injunction and a stay on [Petitioner's] state criminal proceedings due to living in cruel and unusual punishment corona virus overcrowding." (ECF No. 1 at 6).[1] Based on abstention principles, the undersigned recommends declining to intervene in the state proceedings and dismissal of the petition without prejudice.

## I.

## BACKGROUND

Petitioner is currently confined at North Kern State Prison. (ECF No. 1 at 2). Petitioner is serving sentences imposed by the San Bernardino County Superior Court for convictions of

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

second-degree robbery (Case No. FWV18004486) and cruelty to an animal (Case No. FSB17001255). (ECF No. 1 at 7).

On July 29, 2020, Petitioner filed the instant federal habeas petition. Petitioner appears to assert that the California Department of Corrections and Rehabilitation ("CDCR") has miscalculated his earliest possible release date due to confusion regarding his concurrent sentences and credits not being applied properly. Additionally, Petitioner also appears to argue that he may be entitled to an earlier release in light of the "cruel and unusual" living conditions arising from the COVID-19 pandemic and "unconstitutional lack of social distancing." (ECF No. 1 at 3). Petitioner seeks "a federal injunction and a stay on [Petitioner's] state criminal proceedings due to living in cruel and unusual punishment corona virus overcrowding." (ECF No. 1 at 6).

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."

In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution absent special or extraordinary circumstances. 401 U.S. at 45. Extraordinary circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or situations "where irreparable injury can be shown." Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012) (internal quotation marks omitted) (quoting Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980)). The Ninth Circuit has interpreted Younger to mean that "only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764–65 (9th Cir. 1972), overruled in part as recognized in Page v. King, 932 F.3d 898,

905 (9th Cir. 2019) ("Additionally, we issued *Drury* prior to the Supreme Court's decision in *Gerstein*, which, as noted, expressly held that *Younger* abstention was not appropriate where the petitioner claims that the state has not provided appropriate pretrial probable cause procedures. To the extent that *Drury* stands for the opposite proposition, it has been overruled.").

Here, Petitioner seeks "a federal injunction and a stay on [his] state criminal proceedings." (ECF No. 1 at 6). Petitioner's appeal regarding his second-degree robbery conviction is currently pending in the California Court of Appeal. People v. Brown, No. E074151 (Cal. Ct. App. filed Nov. 21, 2019).[2] Petitioner has not made any showing of extraordinary circumstances that would render abstention inappropriate. There are no allegations of proven harassment or that Petitioner's prosecutions were undertaken by state officials in bad faith without hope of obtaining a valid conviction. To the extent that Petitioner argues that COVID-19 is an extraordinary circumstance, Petitioner has not demonstrated that it constitutes a situation where irreparable injury can be shown.[3] Accordingly, the Court should abstain from interfering with the state judicial process, and the petition should be dismissed.[4]

### III.

### RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that that the petition for writ of habeas corpus be dismissed without prejudice.

---

[2] Appellate Case Information, California Courts, http://appellatecases.courtinfo.ca.gov (search by "Case Number" for "FWV18004486") (last updated Aug. 6, 2020). See Worthy v. Hartley, 2010 WL 1339215, *3 n.2 (E.D. Cal. Apr. 2, 2010) ("[T]he internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court are subject to judicial notice.").

[3] For example, the petition contains only vague and conclusory assertions that the conditions in his facility are "cruel and unusual" and that there is an "unconstitutional lack of social distancing," but does not contain any factual allegations regarding how this Court's failure to intervene will result in irreparable injury.

[4] The Court notes that it appears Petitioner may be attempting to challenge his conditions of confinement as unconstitutional. Such claims may be more appropriately alleged in civil actions pursuant to 42 U.S.C. § 1983, which "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012) (internal quotation mark omitted) (quoting Devereaux v. Abbey, 263 F.3d 1070, 107 (9th Cir. 2001)). See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life."). The Court further notes that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). This dismissal would not preclude Plaintiff from filing such a claim in the future, and this Court takes no position on the merits of such a claim.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter and to send Petitioner a prisoner civil rights complaint form.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 8, 2020**         /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE